UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 23 2010 ★
BROOKLYN OFFICE

-----------------------------------x

JAMES RICE, an individual; on behalf of himself and all others similarly situated,

              Plaintiffs,

vs.

KIRSCHENBAUM & PHILLIPS, P.C., a New York Professional Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

              Defendants.

-----------------------------------x

CASE NO.

10 CV 0812

CLASS ACTION

COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

**DEMAND FOR JURY TRIAL**

SEYBERT

BOYLE, M.J.

## I. PRELIMINARY STATEMENT

1. Plaintiff, JAMES RICE on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendant KIRSCHENBAUM & PHILLIPS, P.C. who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that KIRSCHENBAUM & PHILLIPS's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3. Such practices include, *inter alia*:

    (a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of KIRSCHENBAUM & PHILLIPS's identity;

    (b) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt); and

-2-

(c) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

8. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff, on behalf of himself and all others similarly situated, requests that he and the class members be awarded statutory, common law, or actual damages payable by the Defendants.

## II. PARTIES

9. RICE is a natural person.

10. At all times relevant to this complaint, RICE was a citizen of, and resided in, the Hamlet of Port Washington, Nassau County, New York.

11. At all times relevant to this complaint, KIRSCHENBAUM & PHILLIPS is a for-profit professional corporation existing pursuant to the laws of the State of New York. KIRSCHENBAUM & PHILLIPS maintains its principal business address at 3000 Hempstead Turnpike, 4th Floor, Hamlet of Levittown, Nassau County, New York.

12. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

13. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of KIRSCHENBAUM & PHILLIPS that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by KIRSCHENBAUM & PHILLIPS and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

14. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

16. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of RICE occurred within this federal judicial district, and because KIRSCHENBAUM & PHILLIPS is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV.  FACTS CONCERNING PLAINTIFF

17. Sometime prior to May 21, 2009, RICE allegedly incurred a financial obligation to Bank of America ("Bank of America Obligation").

18. The Bank of America Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

19. Defendants contend that the Bank of America Obligation is in default.

20. The alleged Bank of America Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

21. RICE is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

22. RICE is informed and believes, and on that basis alleges, that sometime prior to May 21, 2009, the creditor of the Bank of America Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to KIRSCHENBAUM & PHILLIPS for collection.

23. KIRSCHENBAUM & PHILLIPS collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

24. KIRSCHENBAUM & PHILLIPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. Within the one year immediately preceding the filing of this complaint, KIRSCHENBAUM & PHILLIPS contacted RICE on his home telephone in an attempt to collect the alleged Bank of America Obligation.

26. On multiple occasions within the one year immediately preceding the filing of this complaint, RICE received the following pre-recorded telephonic voice message on his home telephone answering machine ("Messages"):

> Hello. This call is for -- *James Rice*. If you are -- *James Rice*, or a representative, please press, *one* to speak to a recovery specialist from the Law Office of Kirschenbaum & Phillips, P.C., or you may return this call at 516-746-1144. Thank you and have a nice day.

27. Each of the Messages was left in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

28. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. Each of the Messages was left, or caused to be left, by persons employed by KIRSCHENBAUM & PHILLIPS.

30. The telephone number "516-746-1144" is answered by debt collectors employed by KIRSCHENBAUM & PHILLIPS.

31. Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

32. Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

33. At the time RICE received the Messages, he did not know that the calls were from a debt collector.

34. At the time RICE received the Messages, he did not know that the calls concerned the collection of a debt.

35. To date, RICE has not received any written correspondence from KIRSCHENBAUM & PHILLIPS.

36. Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

37. Each of the Messages is false, deceptive, and misleading insofar as KIRSCHENBAUM & PHILLIPS failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that KIRSCHENBAUM & PHILLIPS is a debt collector, thereby circumventing Congress's intent to permit Plaintiff to make an informed decision as to whether he wished to speak with a debt collector.

## V. POLICIES AND PRACTICES COMPLAINED OF

38. It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by uniformly failing to:

    (a) Provide meaningful disclosure of KIRSCHENBAUM & PHILLIPS's identity as the caller;

    (b) Disclose that the communication was from a debt collector; and

    (c) Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

39. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI. CLASS ALLEGATIONS

40. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

41. This claim is brought on behalf of a Plaintiff Class, consisting of: (a) all persons; (b) with telephone numbers in the "516" area code; (c) for whom Defendant left an automated voicemail or answering machine message, in the same form as the Messages; (d) that did not meaningfully identify Defendant or state that the call was for collection purposes; (e) during a period beginning one year prior to the filing of this initial action and ending 20 days after the filing of this Complaint.

42. The identities of all class members are readily ascertainable from the records of KIRSCHENBAUM & PHILLIPS and those companies and governmental entities on whose behalf it attempt to collects debts.

43. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

44. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

45. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

46. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

47.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

48.     Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for KIRSCHENBAUM & PHILLIPS, which, on information and belief, collects debts throughout the United States of America.

49.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §§ 1692d(6), 1692e(10), and/or 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

50.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

51. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

52. Defendant violated the FDCPA. Defendant's violations with respect to the Messages include, but are not limited to, the following:

(a) Placing telephone calls without providing meaningful disclosure of KIRSCHENBAUM & PHILLIPS's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(b) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(c) Failing to disclose in its initial communication with the consumer that KIRSCHENBAUM & PHILLIPS is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(a) Failing to disclose in all oral communications that KIRSCHENBAUM & PHILLIPS is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII. PRAYER FOR RELIEF

53. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing RICE and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) An award of the maximum statutory damages for RICE and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iii) Declaratory relief adjudicating that KIRSCHENBAUM & PHILLIPS's telephone messages violate the FDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(v) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED: New York, New York
February 23, 2010

_____
WILLIAM F. HORN, ESQ. (WH-1070)
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: whornlegal@gmail.com

*Attorney for Plaintiff James Rice, and all others similarly situated*